UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| ABNER MATEO, | |
|---|---|
| Plaintiff, | Civil Action No. 2:16-cv-8434-SCM |
| v. | **OPINION ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| ARS NATIONAL SERVICES, INC., et al., | |
| Defendants. | **[D.E. 15]** |

**Steven C. Mannion,** United States Magistrate Judge.

Before this Court is Plaintiff Abner Mateo's ("Mr. Mateo") motion for attorneys' fees and costs in the amount of $17,065.55, following his acceptance of an Offer of Judgment from Defendant ARS National Services, Inc. ("ARS").[1] ARS opposed the motion.[2] The Court has jurisdiction over this action[3] and considered the parties' respective submissions.[4] For the reasons stated herein, Mr. Mateo's motion for attorneys' fees and costs is **GRANTED IN PART**. The Court will award Mr. Mateo $10,681.80 in attorneys' fees and $579.05 in litigation costs, for a total award in the amount of $11,260.85.

---

[1] (ECF Docket Entry No. ("D.E.") 15, Mot. for Fees and Costs). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 16, Def.'s Opp'n).

[3] 28 U.S.C. § 1331.

[4] The parties consented to magistrate judge jurisdiction and the District Court referred this case to the undersigned to conduct all proceedings. (D.E. 20).

I.  **BACKGROUND AND PROCEDURAL HISTORY**[5]

This case arises from alleged violations of the Fair Debt Collect Practices Act (the "Fair Debt Act").[6] Mr. Mateo filed his Complaint on November 10, 2016, alleging that ARS National Services, Inc. ("ARS") violated the Fair Debt Act while attempting to collect a consumer debt from him.[7] ARS is a debt collection firm.[8] Mr. Mateo alleges that on or about January 18, 2016, ARS attempted to collect on his consumer debt by issuing a collection letter, the terms of which violated the Fair Debt Act.[9]

The Fair Debt Act requires that debt collectors provide consumers with written notice of certain rights with regard to the validation of debts.[10] Mr. Mateo alleges that ARS has a policy which violates the Fair Debt Act by: (1) sending written collection communications which contain false, misleading, or deceptive representations or means in connection to the collection of a debt; and (2) using unfair or unconscionable means to collect or attempt to collect any debt.[11]

---

[5] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[6] (D.E. 1, Compl.).

[7] *Id.* at ¶ 27-28.

[8] *Id.* at ¶ 9.

[9] *Id.* at ¶ 27-29.

[10] 15 U.S.C. § 1692g(a).

[11] (D.E. 1, Compl. at ¶ 28).

Subsequently, the parties litigated the case lightly and briefly. ARS filed its Answer on December 19, 2016.[12] On March 21, 2017, the Court held a Rule 16 conference[13] and on May 23, 2017, the Court held a telephone conference.[14] On or about May 30, 2017, ARS served an Offer of Judgment ("the Offer") under Rule 68,[15] which states in relevant part:

> Defendant . . . offers . . . to allow Judgment to be taken against it in this action in the amount of $1,001.00, in damages, plus reasonable and recoverable Attorney Fees and Costs earned through and including 14 days after the making of this Offer as determined by the Court.[16]

Mr. Mateo accepted the Offer on June 13, 2017.[17]

The parties negotiated but were unable to settle the issue of Mr. Mateo's reasonable attorneys' fees and costs, and on August 30, 2017, Mr. Mateo filed the present motion for attorneys' fees and costs.[18] On September 18, 2017, ARS filed its Opposition,[19] and on September 25, 2017, Mr. Mateo filed his Reply.[20]

---

[12] (D.E. 4, Answer).

[13] (D.E. 7, Scheduling Order).

[14] (D.E. 9, Scheduling Order).

[15] Fed. R. Civ. Proc. 68.

[16] (D.E. 12, Notice of Acceptance and Offer of J., Ex. A).

[17] *Id.*

[18] (D.E. 15, Pl.'s Mot. for Att'y Fees and Costs).

[19] (D.E. 16, Def.'s Opp'n).

[20] (D.E. 17, Pl.'s Reply).

Mr. Mateo's motion seeks $17,065.55 in attorneys' fees and costs.[21] ARS opposes Mr. Mateo's motion on several grounds. ARS contends that the request is unreasonable because, among other things, Mr. Mateo's attorneys expended an unreasonable number of hours on certain tasks.[22] Additionally, ARS maintains that the Court should not entertain Mr. Mateo's motion because it is untimely.[23]

## II. LEGAL STANDARD

Under the Fair Debt Act, a "debt collector who fails to comply with any provision"[24] of the Act "with respect to an individual plaintiff is liable for any actual damages sustained as well as statutory damages as awarded by the court, not to exceed $1,000.00."[25] In the case of successful actions to enforce liability, the Act provides for an award of "the costs of the action, together with a reasonable attorney's fee as determined by the court."[26]

In the context of awarding attorneys' fees under the Fair Debt Act, a plaintiff may be considered a "prevailing party" if a "plaintiff succeeds on any significant issue in litigation which achieves some of the benefit plaintiff sought by bringing the suit."[27] The Third Circuit has held

---

[21] (D.E. 15-2, Ex. A, Itemized & Expense Charges).

[22] (D.E. 16, Def.'s Opp'n at 4-10).

[23] *Id.*

[24] 15 U.S.C. §§ 1692k(a)(1), (a)(2)(A).

[25] *Bilazzo v. Portfolio Recovery Assocs., LLC*, 876 F. Supp. 2d 452, 457 (D.N.J. 2012); *see also Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).

[26] 15 U.S.C. § 1692k(a)(3); *Graziano*, 950 F.2d at 113.

[27] *Bilazzo*, 876 F. Supp. 2d at 457.

that successful cases under the Fair Debt Act require an award of attorney's fees and that those fees "should not be construed as a special or discretionary remedy."[28]

The Fair Debt Act specifically provides that an attorney's fee under the Act must be "reasonable,"[29] one which is "adequate to attract competent counsel, but which [does] not produce windfalls to attorneys."[30] In order to determine a reasonable fee under the Fair Debt Act, courts must calculate the "lodestar" amount by "multiplying the total number of hours reasonably expended by a reasonable hourly rate."[31]

As the moving party, Mr. Mateo bears the burden of proving that his requested hourly rates and hours claimed are reasonable.[32] If the opposing party wishes to challenge the fee award, the opposing party must then object "with sufficient specificity."[33] Once an "adverse party raises specific objections to the fee request, the district court has a great deal of discretion to adjust the award in light of those objections."[34] After such an objection, "the party requesting fees must demonstrate to the satisfaction of the court that its fee request is reasonable."[35]

---

[28] *Graziano*, 950 F.2d at 113.

[29] 15 U.S.C. § 1692k(a)(3).

[30] *Pub. Interest Research Grp. v. Windall*, 51 F.3d 1179, 1185 (3d Cir.1995) (internal quotation marks omitted) (citations omitted).

[31] *Bilazzo*, 876 F. Supp. 2d at 458.

[32] *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005) (*citing Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

[33] *Id.*

[34] *Blakey v. Cont'l Airlines*, 2 F. Supp. 2d 598, 602 (D.N.J. 1998) (citations omitted).

[35] *Interfaith*, 426 F.3d at 703 n.5.

Although the Third Circuit presumes that the lodestar yields a reasonable fee, district courts retain discretion to adjust the lodestar.[36] "The party seeking adjustment has the burden of proving that an adjustment is necessary."[37] District courts may adjust the lodestar based on a number of factors, including but not limited to:

> the time and labor required; the novelty and difficulty of the legal issue; the skill required to perform the legal service properly; the customary fee in the community for similar work; the amount involved and results obtained; the experience, reputation and ability of the attorneys; the nature and length of the attorney-client relationship; and fee awards in similar cases.[38]

### III. DISCUSSION AND ANALYSIS

With the above principles in mind, the Court notes that ARS does not dispute that the Fair Debt Act provides for an award of reasonable attorney's fees and costs, nor does ARS dispute that Mr. Mateo is a prevailing party in this matter due to his recovery of a judgment for $1,001.00.[39] Accordingly, the Court will address the only issue in dispute, whether Mr. Mateo's requested attorneys' fees are reasonable.

#### a. The Timeliness of Mr. Mateo's Motion for Attorney Fees

As a preliminary matter, ARS contends that Mr. Mateo failed to file his motion for fees and costs within "14 days after entry of judgment" pursuant to Rule 54,[40] and therefore, argues

---

[36] *Bilazzo*, 876 F. Supp. 2d at 458 (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

[37] *Rode*, 892 F.2d at 1183.

[38] *Bilazzo*, 876 F. Supp. 2d at 458 (citing *Pub. Interest Research Group*, 51 F.3d at 1185 n. 8).

[39] (D.E. 16, Def.'s Opp'n; D.E. 12 Notice of Acceptance).

[40] (D.E. 16, Def.'s Opp'n, at 10-11 (citing Fed. R. Civ. Proc. 54(d)(2)(B)(i))).

6

that the Court should reject Mr. Mateo's motion as untimely.[41] In response, Mr. Mateo argues that his motion is timely, because "[j]udgment in this matter has not yet been entered."[42] Mr. Mateo maintains that the Court mislabeled the July 17, 2017, Judgment, and that it is actually an order directing entry of judgment in the future.[43]

The Court disagrees with Mr. Mateo. Subject to some exceptions, Rule 58 mandates that "[e]very judgment . . . must be set out in a separate document."[44] Unless the Court orders otherwise, in all cases where the Court grants relief other than costs or a sum certain, the prevailing party must submit a proposed form of judgment to the Court within 7 days of the Court's determination.[45] A judgment is considered a separate document "for purposes of Rule 58 if it satisfies three requirements: 'first, the order must be self-contained and separate from the opinion; second, the order must note the relief granted; and third, the order must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims.'"[46]

---

[41] *Id.*

[42] (D.E. 17, Pl.'s Reply at 2-3).

[43] *Id.*

[44] Fed. R. Civ. Proc. 58(a).

[45] Local Civ. R. 58.1(b).

[46] *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 287 (3d Cir. 2007)(quoting *In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 241 (3d Cir. 2006), *as amended* (Aug. 30, 2006)).

In the present case, it appears that Mr. Mateo submitted a proposed form of Judgment, which notes the relief granted, is separate from and substantially omits the reasons set forth in the Offer of Judgment.[47] Accordingly, the July 17, 2017, Judgment met the requirements of Rule 58.[48]

Having determined the date of Judgment, Mr. Mateo filed his motion for fees and costs 45 days later, on August 30, 2017.[49] The Court finds that Mr. Mateo's motion is untimely. The Rules required Mr. Mateo to file his motion for fees and costs "within 30 days of the entry of judgment . . . unless extended by the Court," [50] not within 14 days as ARS contends in its brief.[51]

Although Mr. Mateo failed to comply with the Local Rules, the Court is reluctant to deny Mr. Mateo attorneys' fees for that reason alone, particularly since other courts will often extend the time to file the required documentation where requested.[52] As the Third Circuit has expressed, while "the Court should no doubt enforce compliance with such local rules . . . failure to comply should not be grounds for denial [of attorneys' fees], exclusive of other considerations."[53] This is especially true, in light of the public policy considerations "for awarding fees as a matter of federal

---

[47] (D.E. 14, Judgment).

[48] *Id.*

[49] (D.E. 15, Pl.'s Mot. for Fees and Costs).

[50] Local Civ. R. 54.2(a); *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 286 (3d Cir. 2007).

[51] (D.E. 16, Def.'s Opp'n, at 10-11 (citing Fed. R. Civ. Proc. 54(d)(2)(B)(i))).

[52] *Barton v. Mid-Atl. Flooring Ventures Inc.*, No. 13cv4592, 2015 WL 4914441, at *3 (D.N.J. Aug. 18, 2015).

[53] *Koenig v. Automatic Data Processing*, 156 F. App'x 461 (3d Cir. 2005).

law under a statutory scheme such as" the Fair Debt Act.[54] Conversely, the Third Circuit has upheld the denial of attorneys' fees where counsel delayed for a year or more before filing their motion.[55] In cases with less egregious delays, the Court may impose a "blanket percentage reduction" of the requested fees.[56]

Accordingly, although Mr. Mateo filed his motion 15 days late, the Court will excuse his "failure to comply with the dictates of the Local Rule and will construe [his] motion as a request for more time."[57] Although the Court will consider Mr. Mateo's motion, the Court also finds that the 15-day delay warrants a percentage based reduction of five percent.[58] The Court will apply that reduction after calculating the lodestar and any ordinary adjustments to the lodestar.[59]

### b. Breakdown of Fee Award Sought

Mr. Mateo seeks an award of attorneys' fees and costs totaling $17,065.55.[60] Mr. Mateo requests an award of fees for Joseph K. Jones, Esq. ("Mr. Jones"), for 19.94 hours at $525.00 per hour – totaling $10,468.50, and for Benjamin J. Wolf, Esq. ("Mr. Wolf"), for 14.16 hours at $425.00 per hour – totaling $6,018.00. Mr. Mateo also seeks to recover $579.05 in litigation

---

[54] *Id.*

[55] *See e.g. Murdock v. Borough of Edgewater,* 600 F. App'x 67, 71-72 (3d Cir. 2015); *Oberti v. Bd. of Educ. of Borough of Clementon Sch. Dist.*, No. 91-2818, 1995 WL 428635, at *4 (D.N.J. July 17, 1995), *aff'd sub nom.*, 101 F.3d 691 (3d Cir. 1996).

[56] *Olin v. M.R.S. Assocs., Inc.,* No. 10-1380, 2014 WL 631647, at *1 (D.N.J. Feb. 14, 2014).

[57] *Barton*, 2015 WL 4914441, at *4 (D.N.J. Aug. 18, 2015).

[58] *Olin,* 2014 WL 631647, at *1.

[59] *Id.*

[60] (D.E. 15-2, Cert. of Joseph Jones, at ¶ 14).

costs.[61] ARS does not dispute Mr. Mateo's ability to recover these litigation costs pursuant to the Offer of Judgment.[62] Accordingly, the Court will add the $579.05 in costs to the lodestar calculation set forth below.

### c. Reasonable Hourly Rates

Next, Mr. Mateo seeks fees at $525.00 per hour for Mr. Jones and $425.00 per hour for Mr. Wolf, two partners at the law firm of Jones, Wolf, & Kapasi, LLC.[63]

Because ARS does not contest these requested hourly rates,[64] and because the Court "may not reduce an award *sua sponte*,"[65] the Court approves Mr. Mateo's requested hourly rate of $525.00 per hour for Mr. Jones and $425.00 per hour for Mr. Wolf.

### d. Reasonable Hours Expended

Turning then, to whether Mr. Mateo's claimed hours are reasonable, a party "is not automatically entitled to compensation for all the time its attorneys spent working on the case."[66] Instead, a court must "decide whether the hours set out were reasonably expended for each of the particular purposes described, and then exclude those that are excessive, redundant, or otherwise unnecessary."[67] A court "may not reduce an award *sua sponte*" and must only do so in response

---

[61] *Id.*

[62] (D.E. 16, Def.'s Opp'n).

[63] (D.E. 15-2, Cert. of Mr. Jones, at ¶ 6, ¶ 8).

[64] (D.E. 16, Def.'s Opp'n).

[65] *Interfaith*, 426 F.3d at 711.

[66] *Id.*

[67] *Id.* (internal quotation marks omitted).

to an opposing party's specific objections.[68] Once an opposing party has made a specific objection, the burden lies with the prevailing party to justify its request.[69]

ARS objects to the following time entries for Mr. Jones:

(1) November 4, 2016, "Outline causes of action – FDCPA [.76]";

(2) November 7, 2016, "Draft Complaint and email draft client [2.86]";

(3) November 8, 2016, "Phone call with client re: review complaint [.58]";

(4) November 9, 2016, "Draft Complaint, Summons, Civil Cover Sheet [1.01]";

(5) November 9, 2016, "Phone call with client re: discussed revisions to Complaint [.20]"

(6) May 1, 2017, "Review and markup discovery demand from Defendant [1.72]";

(7) May 4, 2017, "Review and complete Plaintiff's Interrogatories [1.98]";

(8) May 5, 2017, "Review and edit Plaintiff's Request for Admissions [1.78]";

(9) May 18, 2017, "Meeting with client re D's discovery demands [2.26]."[70]

As to Mr. Wolf, ARS objects to the following time entries:

(1) April 19, 2017, "Draft--document demands (interrogatories, NTP, admissions) [3.12]";

(2) April 20, 2017, "Draft---P discovery demands (admissions, NTP, Interrogatories) [1.24]";

(3) May 19, 2017, "Draft---responses to d discovery (interrogatories, NTP) [3.56]."[71]

---

[68] *Id.*

[69] *Id.*

[70] (D.E. 15-2, Ex. A, Itemized & Expense Charges, at 6-8).

[71] (D.E. 15-2, Ex. A, Itemized & Expense Charges, at 7-8).

11

ARS's objections focus on two categories, time billed on Mr. Mateo's Complaint and time billed on his discovery requests and responses. As to the Complaint, ARS contends that Mr. Jones unreasonably spent 5.41 hours outlining, drafting, and revising the eleven-page Complaint because it is "boilerplate, copy and pasted" and "contain[s] one simple cause of action which Mr. Jones has filed hundreds of time[s] before."[72] ARS does not, however, provide the Court with any examples, which allegedly show that Mr. Jones copied from other complaints to draft Mr. Mateo's Complaint.[73] In response to these objections, Mr. Mateo summarily concludes that the time spent drafting this Complaint was reasonable.[74]

Without more, the Court finds that Mr. Mateo has not satisfied his burden to establish that the claimed time is reasonable. After a review of the Complaint, the Court finds that Mr. Jones' 0.78 hours of time spent communicating with his client to be reasonable, but of the remaining 4.63 hours spent outlining and drafting the Summons and Complaint, the Court will reduce Mr. Jones' time billed by 2.13 hours. Accordingly, Mr. Mateo can recover fees for 2.50 hours of Mr. Jones' time billed drafting the Complaint and communicating with his client.

Next, ARS contends that the 15.66 hours Mr. Jones and Mr. Wolf spent reviewing and drafting Mr. Mateo's interrogatories, requests for admission, requests for production, and Mr. Mateo's discovery request responses.[75] ARS alleges that Mr. Jones and Mr. Wolf drafted these requests by copying and pasting from other documents and that they "were form requests virtually identical to requests served in past cases against [ARS] and countless other companies like

---

[72] (D.E. 16, Def.'s Opp'n at 9).

[73] *Id.*

[74] (D.E. 17, Pl.'s Reply, at 9-10).

[75] (D.E. 16, Def.'s Opp'n, at 15-16).

12

ARS."[76] ARS also alleges that of those 15.66 hours, Mr. Jones and Mr. Wolf unreasonably spent 6.41 hours drafting responses, "the vast majority of which were objections and non-substantial responses referring vaguely to the Complaint, all copied and pasted."[77]

Again, however, ARS failed to provide the Court with any examples of these alleged "virtually identical" discovery requests from other cases between ARS and Jones, Wolf, & Kapasi, LLC.[78] Nor did either party provide the Court with a copy of these discovery requests and responses. Although Mr. Mateo maintains that ARS's objection is conclusory, he offered an equally conclusory response that the time spent on these discovery requests was reasonable.[79]

Effectively, Mr. Mateo failed to address the objection that form requests and objections formed the majority of Mr. Mateo's discovery requests and responses. Consequently, Mr. Mateo has not satisfied his burden to establish that the claimed time is reasonable,[80] and the Court will reduce Mr. Jones and Mr. Wolf's time billed on discovery by 50%. Accordingly, Mr. Mateo may recover fees for 3.87 hours of time billed by Mr. Jones, and for 3.96 hours for Mr. Wolf.

e. **Lodestar Calculation**

---

[76] (D.E. 16, Def.'s Opp'n, at 16).

[77] *Id.*

[78] *Id.*

[79] (D.E. 17, Pl.'s Reply, at 9-10).

[80] *Interfaith*, 426 F.3d at 703 n.5.

For the reasons set forth above, the lodestar in this case is as follows:

| Legal Professional | Reasonable Hourly Rate | Reasonable Hours Expended | Subtotal of Recoverable Fees |
|---|---|---|---|
| Joseph K. Jones, Esq. | $525.00 | 13.16 | $6,909.00 |
| Benjamin J. Wolf, Esq. | $425.00 | 10.20 | $4,335.00 |

Having now employed the lodestar calculation, the Court will presume that the lodestar of $11,244.00 is reasonable.[81] ARS bears the burden[82] of proving that any adjustments to the lodestar are necessary and requests a reduction for the following reasons:

> (1) the time and labor required by this case was minimal and Plaintiff's counsel greatly exaggerated their time spent on the case to pad the bill and took unnecessary steps to churn their file;
>
> (2) the novelty and difficulty of the questions presented is nonexistent as this is an FDCPA class action lawsuit which is substantially similar, if not identical, to hundreds of other cases that Plaintiff's counsel has filed in the past;
>
> (3) the skill needed to perform the legal service properly is not so specialized as to warrant Plaintiff's counsel's requested fees as this is a simple alleged letter violation under the FDCPA;
>
> (4) the preclusion of employment by the attorney due to acceptance of the case is non-existent as Plaintiff's counsel is currently handling dozens of similar cases to the case at hand;
>
> (5) the fee requested by Plaintiff's counsel is excessive compared to the customary fee under a basic $1001.00 offer of judgment for a case involving one cause of action under the FDCPA;
>
> (6) the circumstances surrounding the case imposed no significant time limitations on Plaintiff or his counsel- in fact ARS attempted to settle the case at the outset to avoid the incurrence of unnecessary fees and costs by both parties;
>
> (8) [sic] as Plaintiff showed no evidence of any damages incurred as a result of ARS alleged FDCPA violation, the amount of damages involved in this case was $0 and Plaintiff obtained a significantly

---

[81] *Rode*, 892 F.2d at 1183.

[82] *Id.*

favorable result when ARS provided the offer of judgment rather than potentially winning on a motion for summary judgment and subsequent request by ARS for Plaintiff to cover Defense counsel's fees and costs;

(9) the experience, reputation, and ability of the attorneys is that of a firm who repeatedly targets companies like ARS and files unnecessary FDCPA class action lawsuits like the one at hand, all in the hopes of obtaining a windfall settlement or churning their file and obtaining excessive and unnecessary attorney fees and costs;

(10) the "undesirability" of the case is nonexistent as Plaintiff's counsel goes out of their way to file dozens of cases like this for the reasons mentioned above.[83]

While the Court is sensitive to some of these arguments, ARS offered no certification, and no authority, evidence, or case law, whatsoever, to support these contentions.[84] Instead, ARS provided the Court with a single, one-page long sentence comprised entirely of conclusory statements and opinions, in support of its request to adjust the lodestar.[85] Since ARS has not satisfied its burden to establish that the lodestar warrants an adjustment,[86] the Court declines to adjust the lodestar for any of the reasons ARS set forth in its brief.

As discussed above, however, the Court will reduce the lodestar by five-percent, for Mr. Mateo's failure to file for attorneys' fees and costs in a timely manner. Accordingly, Mr. Mateo is entitled to recover $10,681.80 in attorneys' fees and $579.05 in litigation costs, for a total award in the amount of $11,260.85.

## IV. CONCLUSION

---

[83] (D.E. 16, Def.'s Opp'n, at 16-17).

[84] *Id.*

[85] *Id.*

[86] *Rode*, 892 F.2d at 1183.

15

For the reasons set forth above, Mr. Mateo's motion for attorneys' fees and costs is hereby **GRANTED IN PART**. The Court awards Mr. Mateo $10,681.80 in attorneys' fees and $579.05 in litigation costs, for a total award in the amount of $11,260.85. An appropriate order will follow.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/14/2017 3:23:15 PM

Original: Clerk of the Court
cc: All parties
    File